His Honor, JOHN ST. PAUL,
rendered the opinion and decree of the Court, as follows:
' Plaintiff claimed that having entered into an agreement whereby defendant promised to sell, and plaintiff promised to buy, certain realty .and he (plaintiff) having deposited $500 on account thereof in the hands of a broker, defendant nevertheless refused to cany out and complete the sale, wherefore he prayed for judgment *129 .against the defendant for double the amount of said deposit as forfeit under C. C., 2463.
There was judgment ordering the broker to return said deposit (less commission) and dismissing plaintiff’s demand as to defendant; from which judgment plaintiff has appealed.
• Defendant moves to dismiss the appeal on the ground that plaintiff has accepted from the broker the return or his deposit (less the commission .allowed by the Court) and thereby acquiesced in the judgment appealed from by voluntarily executing the same within the meaning of C. P., 567.
It has been held that the receipt by the appellant of any portion of the amount decreed to him by the judgment is an acquiescence therein and defeats the appeal.
Flower vs. Hughes, 46 An., 436, and authorities there cited.
But to this rule there is an exception, that where separate demands are .presented in the same petition, acquiescence in the judgment as to one demand does not affect the right of appeal as to the other. Succession of Kaiser, 48 An., 973. And the test seems to be whether the two demands could be the subjects of separate suits.
Dwight vs. Brashear, 12 An., 860.
We think the case at bar comes within the exception.
Plaintiff asked for separate judgments against distinct defendants. On one demand there was judgment in his favor against one defendant; on the other there was judgment against him .and in favor of the other defendant. He has acquiesced in the first judgment between himself and the broker, with which the mover here is not concerned, and has appealed from the judgment rejecting his demand against the mover.
*130 There was no acquiescen.se in the latter judgment.
The other grounds urged for dismissal, to-wit, that “mover is informed that plaintiff has no further interest in this case, and that the appeal was not taken upon his initiative, but was brought in his name only for the sake of convenience of other parties who have no rights in this litigation, ’ ’ is too vague, indefinite and general, to permit any consideration thereof.
The motion to dismiss is therefore denied.